

FILED

JUN 1 3 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> BRETT WADE CLOUSE, <br><br> Defendant/Movant. | Cause No. CR 15-127-BLG-SPW <br> CV 17-163-BLG-SPW <br><br> ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Brett Wade Clouse's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Clouse is a federal prisoner proceeding pro se.

## I. Background

Pursuant to a plea agreement, Clouse pled guilty to a superseding information charging him with one count of conspiracy to possess with intent to distribute five or more grams of pure methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of conspiracy to launder money, a violation of 18 U.S.C. § 1956(h). *See* Minutes (Doc. 76); Plea Agreement (Doc. 67) at 2-4 ¶¶ 2-4; Superseding Information (Doc. 70) at 2-3.

1

Under the advisory sentencing guidelines, Clouse's base offense level was 36. He received a two-level increase for the money laundering conviction, a two-level reduction to reflect a mitigating role in the offense, another reduction of three levels under U.S.S.G. § 2D1.1(a)(5), and another three-level reduction for acceptance of responsibility. Based on the plea agreement, *see* Plea Agreement (Doc. 67) at 7 ¶ 6 para. 2, the United States moved for an additional two-level downward variance to negate the money-laundering enhancement. The total adjusted offense level was 28. *See* Sentencing Tr. (Doc. 98) at 58:6-59:11.

Clouse had two misdemeanor convictions that were not scored in his criminal history. *See* Presentence Report ¶¶ 42, 44. He also had one conviction for misdemeanor assault under Montana law. Clouse's original sentence was deferred on conditions, but he violated the conditions and was sentenced to serve 365 days in jail. About three and a half months later, he was resentenced to serve six months in jail. This offense incurred two criminal history points. Clouse's criminal history category was, therefore, II. *See* Presentence Report ¶¶ 43, 46.

With a total adjusted offense level of 28 and a criminal history category of II, Clouse's advisory guideline range was 87 to 108 months. *See* Sentencing Tr. at 59:19-60:6; Statement of Reasons (Doc. 95) at § III. With a downward variance under 18 U.S.C. § 3553, Clouse was sentenced to serve 63 months in prison on both counts, concurrently, to be followed a five-year term of supervised release.

*See* Minutes (Doc. 93); Judgment (Doc. 94) at 2-3.

Clouse did not appeal. His conviction became final on January 28, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 140 (2012).

Clouse timely filed his motion under 28 U.S.C. § 2255 on December 13, 2017. *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

## II. Claim and Analysis

Clouse acknowledges and addresses possible procedural obstacles to his § 2255 motion. They need not be addressed. His claim will be addressed on the merits.

Clouse contends that his criminal history category was wrong because the 365-day sentence was illegal and because he served only 21 days in jail. *See* Mot. § 2255 (Doc. 101) at 2-3; Mem. (Doc. 103) at 2-3. Clouse also contends that he would have been eligible for relief under the safety valve, U.S.S.G. § 5C1.2, if his criminal history had been calculated correctly. *See* Mot. § 2255 at 4.

Clouse is mistaken. U.S.S.G. § 4A1.1(a) provides that three points are assessed "for each prior sentence of imprisonment exceeding one year and one month." Section 4A1.1(b) provides that two points are assessed "for each prior sentence of imprisonment of at least sixty days not counted in (a)."

Initially, Clouse was not sentenced to any jail time. But the revocation of his deferred sentence resulted in a sentence of six months in jail. Section 4A1.2(k)

3

addresses his situation. The six-month sentence earned two points under § 4A1.1(b) because "[t]he term 'sentence of imprisonment' means a sentence of incarceration and refers to the *maximum sentence* imposed." U.S.S.G. § 4A1.2(b)(1). The time actually served in jail is significant in terms of the ten- or fifteen-year period for which criminal history is calculated, *see* § 4A1.2(e), but the points earned under § 4A1.1 depend solely on the sentence imposed. Clouse was released early because he "entered into a treatment plan," *see* Agreement for Release (Doc. 101-5) at 1 ¶ 3, *State v. Clouse*, No. TK-2011-0000155 (Mont. Stillwater County Justice Court Sept. 4, 2012), but the sentence imposed was six months, *see id.* at 1 ¶ 2.

Clouse's misdemeanor assault conviction would have resulted in assessment of two criminal history points regardless of whether the true sentence was considered to be 365 days or six months. Under § 4A1.1(b), a sentence of either length earns two criminal history points. Consequently, neither the illegality of the 365-day sentence nor Judge Jones's granting of a writ of error *coram nobis*, *see* Supp. (Doc. 104), affects Clouse's federal sentence.

As Clouse's criminal history category was correct, he is not entitled to relief under 28 U.S.C. § 2255.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Clouse's reading of the sentencing guidelines is mistaken. He has not alleged facts sufficient to support an inference that he was deprived of a constitutional right. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Clouse's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 101, 103, 104) is DENIED.

2. The motion to expedite (Doc. 105) is DENIED AS MOOT.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Clouse files a Notice of Appeal.

4. The Clerk of Court shall ensure that all pending motions in this case and

in CV 17-163-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Clouse.

DATED this 13th day of June, 2018.

Susan P. Watters
United States District Court