

FILED
DEC 1 1 2018
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>BRETT WADE CLOUSE,<br><br>Defendant/Movant. | Cause No. CR 15-127-BLG-SPW<br><br><br>ORDER GRANTING § 2255<br>MOTION AND SETTING<br>RESENTENCING HEARING |

On June 13, 2018, the Court denied Defendant/Movant Brett Wade Clouse's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. A certificate of appealability was also denied. Clouse, a federal prisoner proceeding pro se, successfully sought reconsideration. *See* Order (Doc. 112) at 2.

The Court stands by its Order of June 13, 2018 (Doc. 106), but reconsideration is appropriate to address one more claim the Court did not previously perceive. The United States has filed an answer to that claim (Doc. 110). Clouse, represented by new counsel, filed an amended reply (Doc. 115).

## I. Background

At issue is a conviction for misdemeanor assault in Stillwater County's Justice Court. That conviction earned Clouse two criminal history points at his federal sentencing hearing. *See* Presentence Report ¶ 43. The conviction is the

1

reason he is in criminal history category II rather than I. It also made him ineligible for relief under the safety valve provision of the Sentencing Guidelines. *See* U.S.S.G. § 5C1.2(a)(1).

Clouse committed the misdemeanor assault on January 28, 2011. His sentence was conditionally deferred, but he violated the conditions. On February 27, 2012, Justice of the Peace Kober sentenced him to serve 365 days in jail (Doc. 101-2). A short while later, she ordered that he be released on March 19, 2012, to a treatment facility (Doc. 101-3).

In June 2012, Clouse's attorney moved to amend the sentence because the statutory maximum was six months (Doc. 101-4). The Justice Court did not rule on that motion. On July 30, 2012, it endorsed an "Agreement for Release" acknowledging that Clouse's "permanent record will reflect that he has been convicted of misdemeanor crimes" and that he would remain under the Justice Court's jurisdiction "through August 27, 2012" (Doc. 101-5). (A term of six months from the original sentencing date of February 27, 2012.) Clouse completed all the remaining requirements and discharged the sentence.

A little more than three years later, Clouse was indicted in this Court. He pled guilty to two charges involving drug trafficking and money laundering. He was sentenced on January 11, 2017. In describing the misdemeanor assault conviction, the presentence report stated that Clouse was "resentenced" on June 11,

2012, to "6 months jail." *See* Presentence Report ¶ 43. June 11, 2012, was the date the Justice Court received Clouse's attorney's motion to amend the sentence. Neither party objected at the federal sentencing hearing to the presentence report's characterization of the sentence, but, since then, neither party has submitted a document indicating the Justice Court ever "resentenced" Clouse.

Some time after Clouse's sentencing in this Court, he filed a petition for postconviction relief in the state court. Among other things, he challenged the legality of the 365-day jail sentence imposed by Justice of the Peace Kober. On March 30, 2018, District Judge Blair Jones found in Clouse's favor on that claim and vacated the 365-day jail sentence. Judge Jones said:

> (2) The 365-day sentence imposed upon Brett Wade Clouse for a misdemeanor assault conviction in Stillwater County cause number TK-2011-155 exceeds the statutory maximum allowed under § 45-5-201(2), MCA, constitutes an illegal sentence, and is hereby VACATED.
>
> (3) The record is corrected to reflect that the statutory maximum sentence Brett Wade Clouse could have received for a misdemeanor assault conviction in Stillwater County Justice Court cause number TK-2011-155, is a term of incarceration not to exceed six months pursuant to § 45-5-201(2), MCA. This assault conviction is classified a MISDEMEANOR offense for calculating any additional period of federal incarceration.

(Doc. 104 at 7).

## II. Analysis

The federal sentencing guidelines account for a defendant's criminal history

3

by using a point system:

> **(a)** Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> **(b)** Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> **(c)** Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
>
> **(d)** Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
>
> **(e)** Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.

U.S.S.G. § 4A1.1 (Nov. 1, 2016).

Clouse's criminal history calculation depends on the length of any custodial sentence he received for misdemeanor assault. He was released to a treatment center before he had served even 30 of the 365 days imposed by Justice of the Peace Kober, but that does not alter the application of § 4A1.1(a)–(e). "[C]riminal history points are based on the sentence pronounced, not the length of time actually served." U.S.S.G. § 4A1.2 cmt. n.2. A sentence of either 365 days or six months receives two criminal history points, *see* U.S.S.G. § 4A1.1(b), so if Judge Jones's order is interpreted to impose a jail sentence of six months, as the United States argues, then Clouse is not entitled to relief. Clouse, however, argues that Judge

4

Jones vacated the jail sentence and did not impose another one.

The United States contends that "[t]he Montana Supreme Court has clearly set out a procedure for correcting an illegal sentence in Montana Courts." U.S. Resp. (Doc. 110) at 3. It asserts:

> A sentence in excess of one prescribed by law is not void *ab initio* because of the excess, but is good insofar as the power of the court extends and is invalid only as to the excess. Only the portion of the sentence beyond the district court's statutory authority is illegal.

U.S. Resp. at 3–4 (quoting *DeShields v. State*, 2006 MT 58 ¶ 11 (Morris, J.), and citing *State v. White*, 2008 MT 464 ¶ 25, and *State v. Coluccio*, 2009 MT 273 ¶ 34). Reading Judge Jones's order in light of this statement, the United States claims that vacating six months of the 365-day jail sentence was "all [Judge Jones] was permitted to do." *See id.* at 4.

Clouse counters that the *DeShields* approach is an option, not a rule. He cites cases in which the Montana Supreme Court found some provision of a sentence illegal and remanded the case to the sentencing court for resentencing. *See, e.g.*, Am. Reply (Doc. 115) at 6 (citing *State v. Heafner*, 2010 MT 87 ¶ 9, and *State v. Rambold*, 2014 MT 116 ¶ 20).

The Court agrees with Clouse. The Montana Supreme Court does not address every illegal sentence by following *DeShields*, so the rationale for interpreting Judge Jones's order as if he were strictly bound to follow *DeShields* is

5

not strong.[1]

More fundamentally, although it does not say so, the United States is asking the Court to look beyond what Judge Jones' order actually says to get to what he meant to say. But, in addition to its over-reading of *DeShields*, there are two problems with the United States' approach. The first problem is its questionable logic. A judge who imposed a sentence *in excess* of a statutory maximum did not necessarily intend to impose a sentence *at* the statutory maximum.

The second problem poses serious practical concerns. How far should a federal sentencing court go in interpreting a state sentencing order[2] in light of Montana sentencing law? Illegal sentences come in many forms.

It is better, and far easier, to read Judge Jones's order to say what it says.

---

[1] Judge Jones addressed the postconviction petition because the governing statute required it to be filed in the district court, not justice court. *See* Mont. Code Ann. § 46-21-101(2). In a criminal proceeding, Judge Jones would have had jurisdiction to sentence Clouse for misdemeanor assault only if Clouse had at some point been charged with a felony. *See* Mont. Code Ann. §§ 3-5-302(1)(a), (d), (2), -10-303(1)(a), (2), 46-2-201, -202. It is not clear, but the postconviction statutes do not appear to alter or add to a district court's sentencing jurisdiction in criminal cases. *See, e.g.,* Mont. Code Ann. § 46-21-201(6) (authorizing district court granting postconviction relief to "enter an *appropriate* order with respect to the judgment or sentence in the former proceedings and any supplementary orders as to *reassignment*, retrial, custody, bail, or discharge that may be *necessary and proper*.") (emphases added). And there is no indication Clouse faced a felony charge. The presentence report does not mention one, and neither did Judge Jones. *See* Order at 1 (Doc. 102 at 2); *see also* Presentence Report ¶ 43.

Clouse had already fully discharged the sentence before he filed his postconviction petition, so Judge Jones had no occasion to decide whether to resentence Clouse or send the case back to the justice court. Or, at any rate, his order does not say anything about resentencing.

[2] Judge Jones, of course, issued an order in a collateral proceeding, not a sentencing order. But the United States is asking the Court to read his order as if it imposed a sentence of six months in jail.

6

"The 365-day sentence . . . for a misdemeanor assault conviction . . . exceeds the statutory maximum allowed under § 45-5-201(2), MCA, constitutes an illegal sentence, and is hereby VACATED."

The presentence report erred in stating that Clouse was "resentenced" in June 2012 to six months in jail. Justice of the Peace Kober did not impose any jail sentence other than 365 days. When Justice of the Peace Kober endorsed the "Agreement for Release" on July 30, 2012, indicating that Clouse would remain under the jurisdiction of the Justice Court "through August 27, 2012" she did not impose a new jail sentence or vacate the jail sentence she imposed on February 27, 2012, despite the fact that Clouse would be out from under the Justice Court's authority six months earlier than contemplated in the original sentence. (On July 30, 2012, Clouse was not incarcerated and hadn't been since he was released to go to treatment on March 19, 2012.)

Judge Jones, in 2018, also did not impose a jail sentence. He only stated that the statutory maximum sentence that Clouse "*could have* received . . . is a term of incarceration not to exceed six months." There never was an actual sentence of six months in jail imposed by either Judge Jones or Justice of the Peace Kober. There was a jail sentence of 365 days, and that sentence was vacated.

The United States correctly points out that Clouse "is still guilty of assault." U.S. Resp. at 5–6. The question here is what "sentence of imprisonment" was

7

imposed. *See* U.S.S.G. § 4A1.1(a), (b). No one is saying the conviction no longer exists or that Clouse was not sentenced at all. The prior sentence will still be scored, but it will fall under § 4A1.1(c).

The United States has not argued that *Johnson v. United States*, 544 U.S. 295, 303 (2005), does not extend to Clouse's situation. That defense is waived. *See* Order (Doc. 109) at 3, 5, 6 ¶ 1; Order (Doc. 112) at 2. Clouse is entitled to relief.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Clouse's motion under 28 U.S.C. § 2255 is GRANTED as to his claim that he is entitled to be resentenced under *Johnson v. United States*, 544 U.S. 295 (2005). In all other respects, the Order of June 13, 2018 (Doc. 106), including its denial of a certificate of appealability, remains in effect.

2. The clerk shall vacate the judgment entered on June 13, 2018, in CV 17-163-BLG-SPW and reopen the civil file. The parties must file in the criminal case as the civil case is opened for administrative purposes only.

3. Resentencing shall be set by separate order.

4. The Probation Office shall prepare a revised presentence report reflecting in paragraph 43 that the 365 day sentence of incarceration imposed February 27, 2012 on Clouse's conviction for misdemeanor assault in Stillwater County was vacated on March 30, 2018, and make any necessary adjustments to the Offense

Level Computation consistent with this order.

5. When the Court has entered an amended judgment in the criminal case, the clerk shall close the civil file by entering judgment in favor of Clouse and against the United States on his claim under *Johnson v. United States*, 544 U.S. 295 (2005), and in favor of the United States and against Clouse on all other claims.

DATED this 10th day of December, 2018.

Susan P. Watters
United States District Court

cc: USPO
    USMS